UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Patricia Ann Thompson,   Case No.: 20-48647
   Chapter 13
    Debtor.   Hon. Mark A. Randon
_____/

Stuart A. Gold,

    Plaintiff,

v.   Adversary Proceeding
   Case No.: 20-04418

Yolanda Elaine Shelton,

    Defendant.
_____/

## OPINION AND ORDER GRANTING THE CHAPTER 7 TRUSTEE'S MOTION TO DISQUALIFY DEFENDANT'S ATTORNEY

**I.    INTRODUCTION**

Attorney James C. Warr's dual representation of a mother in bankruptcy and her daughter–to whom it is alleged she made pre- and post-petition transfers–is a bridge too far. The Chapter 7 Trustee filed an adversary proceeding against the daughter to avoid and recover the allegedly fraudulent transfers. He now moves to disqualify Attorney Warr from representing the daughter. Because the Chapter 7 Trustee does not consent to the dual representation, and Attorney Warr's clients must take adverse positions on the issue of insolvency, the Court **GRANTS** the Trustee's motion.

## II. BACKGROUND

On August 11, 2020, Attorney Warr filed a Chapter 7 bankruptcy on behalf of Patricia Ann Thompson. Ms. Thompson's Summary of Your Assets and Liabilities and Certain Statistical Information suggests insolvency: she had $46,871.00 in assets and $89,932.91 in liabilities on the petition date. According to Schedule E/F, her nonpriority unsecured claims, alone, totaled $65,761.79. Twelve creditors filed proofs of claims, totaling $138,907.33.

The Chapter 7 Trustee's adversary complaint alleges Ms. Thompson: (1) transferred two pieces of real property to her daughter approximately two years pre-petition; and (2) transferred a total of $48,094.90 in cash both pre- and post-petition. The Chapter 7 Trustee seeks a money judgment against Ms. Thompson's daughter for the cash transfers, and to either obtain the real properties from Ms. Thompson's daughter or a money judgment equal to the value of the real properties. Attorney Warr also represents Ms. Thompson's daughter in the adversary proceeding.

## III. APPLICABLE LAW AND ANALYSIS

The Michigan Rules of Professional Conduct are the mandatory standards of attorney ethics used to assist lawyers in making proper decisions regarding the representation of past, current, and future clients. Michigan Rule of Professional Conduct 1.7(a) governs conflicts of interest as it relates to current clients:

> A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

> (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
>
> (2) each client consents after consultation.

Attorney Warr obtained Ms. Thompson and her daughter's consent to the dual representation. However, Ms. Thompson's consent is not valid because "the Chapter 7 Trustee controls the Debtor's consent in this context, and has not consented to the dual representation." *McClarty v. Wise (In re Wise)*, No. 18-4131, 2018 Bankr. LEXIS 2617, at *2 (Bankr. E.D. Mich. August 28, 2018); *see also Kohut v. Lenaway (In re Lennys Copy Center & More LLC)*, 515 B.R. 562, 565 (Bankr. E.D. Mich. 2014) ("The Debtor's decision to consent or not to consent is controlled by the Chapter 7 Trustee, on behalf of the bankruptcy estate, and the Trustee has not consented, and will not consent.").

Attorney Warr also argues that his representation of Ms. Thompson will not adversely affect the representation of her daughter because he is not representing both sides of the controversy, the representation is not prohibited by law, and both parties will take the same position with respect to the issues in this case. The Court disagrees.

> Under 11 U.S.C. § 548(a)(1)(B):
>
> The trustee may avoid any transfer . . . of an interest of the debtor in property . . ., that was made . . . on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily (i) received less than a reasonably equivalent value in exchange for such transfer . . .; and (ii)(I) was insolvent on the date that such transfer was made . . ., or became insolvent as a result of such transfer[.]

The term "insolvent" means–

-3-

20-04418-mar    Doc 49    Filed 02/23/21    Entered 02/23/21 17:02:44    Page 3 of 5

> (A) with reference to an entity other than a partnership and a municipality, financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of–
>
>> (i) property transferred, concealed, or removed with intent to hinder, delay, or defraud such entity's creditors; and
>>
>> (ii) property that may be exempted from property of the estate under section 522 of this title[.]

11 U.S.C. § 101(32); *see also* MICHIGAN COMPILED LAWS § 566.32(1) ("[a] debtor is insolvent if, at a fair valuation, the sum of the debtor's debts is greater than the sum of the debtor's assets"); MICHIGAN COMPILED LAWS § 566.32(2):

> [a] debtor that is generally not paying the debtor's debts as they become due other than as a result of a bona fide dispute is presumed to be insolvent. The presumption imposes on the party against which the presumption is directed the burden of proving that the nonexistence of insolvency is more probable than its existence.

Based on the schedules filed in Ms. Thompson's bankruptcy–that Attorney Warr presumably helped prepare–and the proof of claims that were filed, Ms. Thompson was insolvent on the petition date. As such, Attorney Warr's position as to Ms. Thompson is adverse to her daughter's position that Ms. Thompson was *not* insolvent on the date at least one of the transfers was made. Any contrary belief that Attorney Warr may hold, that his dual representation poses no conflict, is unreasonable.

## IV. CONCLUSION

Because the Chapter 7 Trustee does not consent to the dual representation, and Attorney Warr's clients must take adverse positions on the insolvency element, the

Trustee's motion is **GRANTED**. Attorney Warr and his law firm is disqualified from representing Ms. Thompson's daughter in this adversary proceeding. She may apply for pro bono counsel.

    **IT IS ORDERED**.

**Signed on February 23, 2021**

/s/ Mark A. Randon
Mark A. Randon
United States Bankruptcy Judge